IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WELLS FARGO EQUIPMENT**
**FINANCE, INC.**

    **Plaintiff,**

**v.**
                                       Civ. No. 01-1292 LCS/LFG-ACE

**TEC DRILLING, LTD., et al.,**

    **Defendants.**

**and**

**TEC DRILLING, LTD., et al.**

    **Third-Party Plaintiffs,**

**v.**

**WELLS FARGO, N.A.,**

    **Third-Party Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment Filed June 5, 2002 *(Doc. 37)*, Plaintiff/Third-Party Defendant's Motion to Dismiss or Strike or in the Alternative, for Severance of the Third-Party Complaint Filed March 22, 2002 *(Doc. 28)*, and Third-Party Defendant's Motion for a More Definite Statement Filed April 2, 2002 (*Doc. 31*). Defendants/Third Party Plaintiffs have not filed a Response to any of these Motions. Upon consideration of the motions, the memoranda, and the applicable law, I find that Plaintiff's Motion

1

for Summary Judgment is well-taken and should be granted; I further find that Plaintiff/Third-Party Defendant's Motion to Dismiss or Strike or in the Alternative, for Severance of Third-Party Complaint is well-taken and should be GRANTED and the Third-Party Complaint should be DISMISSED; additionally, having found that summary judgment should be granted in favor of Plaintiff, and having found that the Third-Party Complaint should be dismissed, I find that Plaintiff/Third-Party Defendant's Motion for a More Definite Statement should be DENIED as MOOT.

## I. FACTUAL BACKGROUND

Wells Fargo Equipment Finance, Inc. (hereafter "WFEFI) is a Minnesota corporation doing business in New Mexico with its principal place of business in Minneapolis, Minnesota. Complaint. ¶1. Defendant TEC Drilling, Ltd. (hereafter, "TEC") is a New Mexico partnership with its principal place of business in Stanley, New Mexico. Complaint ¶2; Answer ¶1. Defendants Frank B. Dennisson, Wayne A. Dennisson, and William Dennisson are individuals residing in the State of New Mexico. Complaint ¶¶ 3-5; Answer ¶1. On July 29, 1999 TEC entered into a Master Lease Agreement (hereafter "Master Lease") and a Supplement to Master Lease with WFEFI wherein TEC agreed to lease from Wells Fargo a 1986 GEFCO Model 30K Drill Rig mounted on a 1986 Pacific Tractor Model P-512PS. Complaint ¶¶9-10 and Ex. 1-2; Answer ¶¶2-3; Defendants' Response to Plaintiff's First Request for Admissions ¶¶1-1 (hereafter "Admissions"). TEC executed and delivered to WFEFI a security agreement which granted to WFEFI a security interest in a 1975 truck mounted Midway Rotary Drill Rig complete with attachments and accessories (hereafter "additional collateral"). Complaint ¶11 & Ex. 3; Answer ¶4. In addition, Defendants William Dennisson, Wayne A. Dennisson and Frank B. Dennisson

2

executed and delivered to WFEFI guaranties of every obligation of TEC. Complaint ¶¶12-14 & Ex. 4-6; Answer ¶5; Admissions ¶¶4-6. TEC has not made any of the payments under the Master Lease and Supplement to Master Lease including payments due January 30, 2001 and thereafter. Torok Aff. ¶¶12-14 & Ex. A. Although WFEFI made demands upon TEC to cure the default in the Master Lease, TEC has not done so. Complaint ¶17; Answer ¶10-11. WFEFI has also accelerated the balance due pursuant to the Master Lease and Supplement to Master Lease, and has demanded repossession of the leased equipment and additional collateral. Complaint ¶18 & Ex. 10; ATorok Aff. ¶12-14. Paragraph 18 of the Master Lease provides that in the event of default, "'Lessor's Loss' as of any date shall be the sum of the following (1) the amount of all rent and other amounts payable by Lessee hereunder due but unpaid as of such date plus (2) the amount of all unpaid rent for the balance of the term of this lease not yet due as of such date discounted from the respective dates installment payments would be due at the rate of 5% per annum plus (3) 10% of the cost of the Equipment subject to this lease of such date." Complaint Ex. 1. WFEFI has calculated "Lessor's Loss" as provided for in paragraph 18 of the Master Lease to be $184,797.26. Torok Aff. ¶19-21.

## II.   STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jones v. Denver Post Corp.*, 203 F.3d 748, 751 (10th Cir. 2000); Fed. R. Civ. P. 56(c). The Court examines the record and makes all inferences in the light most favorable to the non-moving party. *Munoz v. St. Mary-Corwin Hosp.* 221 F.3d 1160, 1164 (10th Cir. 2000).

Summary judgment is proper "[w]here the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(citing *First National Bank of Arizona v. Cities Service Co*., 391 U.S. 253, 289 (1968)). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"; the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (citing Fed. Rule Civ. Proc. 56(e)). A fact is "'material' if under the substantive law it is essential to the proper disposition of the claim." *Wright v. Abbott Labs*., Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir. 1998)). In addition, where the non-moving party will bear the burden of proof at trial on a dispositive issue, "that party 'must go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998)(quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999), *cert. denied*, 528 U.S. 815 (1999).

Civil Rule 7.1 (b) of the District of New Mexico Local Rules, provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Defendants-Third Party Plaintiffs failed to file

4

a response to any of the three Motions before this Court. As such, the failure of Defendants/Third-Party Plaintiffs to respond to any of the Motions before the Court constitutes their consent to granting of the Motions.

**A.      Whether there are no genuine issues of material fact such that WFEFI is entitled to summary judgment as a matter of law.**

WFEFI claims it is entitled to recover $184,797.26 from TEC and additionally claims that Defendants Frank B. Dennisson, Wayne A. Dennisson, and William Dennisson, as guarantors are liable for the full amount it is entitled to recover from TEC. Complaint, Ex. 1; Torok Aff. at ¶ 21. WFEFI further claims it is entitled to immediate possession of the leased equipment and additional collateral pursuant to the Master Lease and the security agreement. Complaint ¶¶19-21. WFEFI also claims it is entitled to recover reasonable attorneys fees for enforcing its rights under the Master Lease, the Supplement to the Master Lease, the security agreement, and the guaranties. *Id.* at ¶22.

The parties have not disputed the existence of the Master Lease, the Supplement to the Master Lease, the security agreement, or the guaranties. In addition, TEC has stated that the terms of these documents, which were attached to the Complaint, speak for themselves. WFEFI cites to these documents as the basis for each form of relief which it seeks. Examining the record and making all inferences in the light most favorable to the non-moving party, it is apparent that the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)); *Munoz v. St. Mary-Corwin Hosp.* 221 F.3d 1160, 1164 (10th Cir. 2000). The pleadings, the admissions on file,

and the affidavits filed in this case show that there is no genuine issue as to any material fact. *Jones v. Denver Post Corp.*, 203 F.3d 748, 751 (10th Cir. 2000); Fed. R. Civ. P. 56(c). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"; the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (citing Fed. Rule Civ. Proc. 56(e)). However, Defendants/Third-Party Plaintiffs have failed to come forward with any facts demonstrating that there is a genuine issue for trial. Although TEC has asserted disagreement with the legal arguments of WFEFC in its Answer, TEC has failed to show that any fact under the substantive law essential to the proper disposition of the claim is in dispute. *See Wright v. Abbott Labs.*, Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)). An unsupported assertion of disagreement or the mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a genuine issue of material fact such that summary judgment should not be granted. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999), *cert. denied*, 528 U.S. 815 (1999). In addition, Defendants/Third-Party Plaintiffs, by failing to file any Response to the Motion for Summary Judgment have consented to this Court granting summary judgment in favor of Plaintiff/Third-Party Defendant. Summary judgment is thus proper, and should be granted in favor of WFEFI.

**B.**     **Whether the Third Party Complaint Should be Dismissed, Struck, or Severed**

WFEFI further moves this Court to strike or dismiss TEC's Third-Party Complaint, filed February 13, 2002. In support of its Motion, WFEFI notes that the Third-Party Complaint was filed after the deadline set by the Court per the Order filed January 29, 2002 *(Doc. 15)*, which

provided, in pertinent part, "the Court grants Defendant ten days within which to file its proposed third-party complaint." The Third-Party Complaint was filed on February 13, 2002, some fifteen days after entry of the Order. Third-Party Plaintiffs did not move the Court for an enlargement of time to file their Third-Party Complaint, nor have they filed a motion after the expiration of the ten days showing excusable neglect pursuant to FED. R. CIV. P. 6(b)(1) or 6(b)(2).

In addition, WFEFI argues that because the Third-Party Complaint does not provide the Court with any independent basis for jurisdiction as the allegations of the Third-Party Complaint do not indicate that the parties are diverse, and there is no allegation that the amount in controversy exceeds $75,000, the question of whether this Court has jurisdiction over the Third-Party Complaint is governed by 28 U.S.C. §1367. Section 1367(a) provides that the Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Federal courts deciding claims within their federal-question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, may decide state law claims not within their subject matter jurisdiction if the federal and state law claims "derive from a common nucleus of operative fact" and comprise "but one constitutional 'case.'" *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 122 S.Ct. 999, 1004 (2002)(quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Jurisdiction over state law claims in such instances was known as "pendent jurisdiction." *Id.*

A federal court has an independent obligation to examine its own jurisdiction. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001). Generally, motions to dismiss for lack of subject matter jurisdiction take two forms, either a facial attack on the complaint's

7

allegations as to subject matter jurisdiction which questions the sufficiency of the complaint, or a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. FED. R. CIV. P. 12(b)(1); *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). In reviewing a facial attack on the complaint, the court must accept the allegations in the complaint as true. *Id.* When reviewing a factual attack on subject matter jurisdiction, the court may not presume the truthfulness of the complaint's factual allegations. *Id* The court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *Holt*, 46 F.3d at 1003 (citing *Wheeler v. Hurdman,* 825 F.2d 257, 259 n.5 (10th Cir. 1987), *cert. denied*, 484 U.S. 986 (1987)).

      The Third-Party Complaint alleges that "this Court has diversity jurisdiction over the subject matter and the parties in this action under 28 US.C. § 1332. "Third-Party Complaint ¶1. However, accepting the allegations of the complaint as true, Third-Party Plaintiff TEC has not alleged diversity of citizenship. The Third-Party Complaint alleges that each of the Third-Party Plaintiffs, as well as Third-Party Defendant Moriarty Branch of Wells Fargo Bank N.A. either reside in, or have its principal place of business in Torrance County, New Mexico.

      For diversity jurisdiction to arise, the citizenship of all plaintiffs must be diverse from the citizenship of all defendants and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28.U.S.C. § 1332(a). When a case is originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001)(citing *St. Paul Mercury Indem. Co. v. Red*

8

*Cab Co.*, 303 U.S. 283, 288-89 (1938)). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Adams v. Reliance Std. Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)(citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). The burden is on the party asserting jurisdiction to show it is not a legal certainty that the claim is less than the jurisdictional amount. *Adams*, 225 F.3d at 1183 (citing *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)). A plaintiff's allegations in the complaint alone can be sufficient to make this showing. *Id*. Moreover, the allegations in the complaint "need not be specific or technical in nature," rather, the plaintiff need only make allegations sufficient to convince the court that recoverable damages "will bear a reasonable relation to the minimum jurisdictional floor." *State Farm Mut. Auto. Ins. Co. v Narvaez*, 149 F.3d 1269, 1272 (10th Cir. 1998) (quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973)).

Plaintiff/Third-Party Defendant makes a facial attack on the Third-Party Complaint's allegations as to subject matter jurisdiction which questions the sufficiency of the complaint. *See generally, Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). In reviewing a facial attack on the complaint, this Court must accept the allegations in the complaint as true. *Id.* Although the Third-Party Complaint does not specifically state the amount in controversy, Third-Party Plaintiffs allege that Third-Party Plaintiffs completed well drilling at a cost of over $50,000 based upon representations by Third-Party Defendant, that a home improvement loan for $15,000 was never consummated, and that Third-Party Plaintiffs suffered irreparable harm to their business including an inability to pay other suppliers and meet other obligations. Third-Party Complaint ¶¶24-30. Accepting these allegations as true, it appears that Third-Party Defendant has not met its burden

9

as the party asserting jurisdiction to show it is not a legal certainty that the claims are less than the jurisdictional amount. *Adams*, 225 F.3d at 1183 (citing *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)). Because both the requirements of diversity of citizenship and jurisdiction amount are required for this Court to have jurisdiction pursuant to 28 U.S.C. § 1331, there must be some other basis for this Court to exercise jurisdiction over the claims raised in the Third-Party Complaint.

However, Third-Party Plaintiffs have failed to demonstrate that this Court has jurisdiction over the claims presented in the Third-Party Complaint pursuant to 28 U.S.C. § 1367(a), because the allegations of the Third-Party Complaint do not indicate that the claims of the Complaint and the Third-Party Complaint derive from a "common nucleus of operative fact." *See Raygor*, 122 S.Ct. at 1004. Having noted that this Court may not have jurisdiction over the allegations of the Third-Party Complaint pursuant to 28 U.S.C. §§1331 and 1367(a), I turn to D.N.M.LR-CV7.1(b) and the failure of Defendants/Third-Party Plaintiff's failure to respond to the Motion to Dismiss or Strike, or in the Alternative for Severance of the Third-Party Complaint.

Pursuant to Civil Rule 7.1 (b) of the District of New Mexico Local Rules, the failure of the Third-Party Plaintiffs to respond to Plaintiff/Third-Party Defendant's Motion to Dismiss or Strike or, in the Alternative, for Severance of the Third-Party Complaint constitutes their consent to granting of the Motion. This Court finds that Plaintiff/Third-Party Defendant's Motion is well-taken and should be GRANTED; Defendant/Third-Party Plaintiffs' Third-Party Complaint should be DISMISSED WITHOUT PREJUDICE.

C.  **Whether Plaintiff/Third-Party Defendant's Motion for a More Definite Statement Should Be Granted**

This Court having found that Plaintiff's Motion for Summary Judgment should be granted, and having additionally found that Plaintiff/Third-Party Defendant's Motion to Dismiss or Strike, or in the Alternative, for Severance should be granted, Plaintiff/Third-Party Defendant's Motion for a More Definite Statement Filed April 2, 2002 (*Doc. 31*) is now MOOT. As such, this Court finds that Plaintiff/Third-Party Defendant's Motion for a More Definite Statement Filed April 2, 2002 is not well-taken, and should be DENIED as MOOT.

## VI.   CONCLUSION

Upon review of the evidence presented, the Court has determined that Plaintiff's Motion for Summary Judgment, Plaintiff/Third-Party Defendant's Motion to Dismiss or Strike or in the Alternative for Severance, and Plaintiff/Third-Party Defendant's Motion for a More Definite Statement should be GRANTED in part and DENIED in part.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff/Third-Party Defendant's Motion to Dismiss or Strike or in the Alternative for Severance is GRANTED, the Third-Party Complaint shall be DISMISSED WITHOUT PREJUDICE;

**FINALLY, IT IS ORDERED** that Plaintiff/Third-Party Defendant's Motion for a More Definite Statement is DENIED as MOOT.

A judgment consistent with this Order shall be issued forthwith.

**IT IS SO ORDERED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**